DANIEL ROSENBAUM, Respondent, *v.* CHARLOTTE TOBLER, Individu-
ally and as Administratrix with the Will Annexed of HENRY M.
SILVERMAN, Deceased, and Others, Appellants, Impleaded with
Others.

*Mortgage foreclosure judgment — a stay by a party not in possession nor adjudged
liable for a deficiency should be applied for under sections 1351 and 1352 of the
Code of Civil Procedure.*

A person appealing from a judgment of foreclosure and sale, who is not in
possession of the mortgaged premises, nor one against whom a judgment for
deficiency has been awarded, is not entitled to a stay under section 1331 of the
Code of Civil Procedure; if such a party desires a stay he should apply under
sections 1351 and 1352 of that Code.

APPEAL by the defendants, Charlotte Tobler, individually and as
administratrix with the will annexed of Henry M. Silverman,
deceased, and others, from an order of the Supreme Court, made at
the New York Special Term and entered in the office of the clerk
of the county of New York on the 13th day of April, 1898, deny-
ing the defendant's motion for a stay under section 1331 of the Code
of Civil Procedure.

*Benjamin M. Cardozo* and *Alfred Lyons,* for the appellants.

*William King Hall,* for the respondent.

Order affirmed, with ten dollars costs and disbursements, on opin-
ion of STOVER, J., in the court below.

Present — VAN BRUNT, P. J., RUMSEY, PATTERSON and INGRAHAM,
JJ.

The following is the opinion of STOVER, J. :

STOVER, J. :

The application is to fix security under section 1331 of the Code,
and, upon the fixing of the amount thereof, that a stay be granted.
The action is one of foreclosure, and judgment of foreclosure and
sale has been perfected in favor of the plaintiff.   The appeal is taken
by a party who is neither in possession of the premises nor against
whom a judgment of deficiency is awarded by the judgment.   I

think section 1331 applies only to the class of persons therein named, viz., those who are in possession of the property or against whom a judgment of deficiency is awarded by the judgment, and in those cases the court should fix the amount not exceeding which they should be liable upon the undertaking. The defendants here, I think, are in no position to avail themselves of the provisions of that section, but if a stay is desired it should rather be applied for under sections 1351 and 1352. It would be idle to require the defendants who appeal herein to give an undertaking that, "while in possession," they will not suffer or permit any waste of the premises, and there can be no adequate protection for the plaintiff in the action except under the general provisions of sections 1351 and 1352. The order, therefore, may provide for a stay, upon the defendants filing an undertaking, with two sureties, in the sum of $5,000, to the effect that if the judgment is affirmed or the appeal is dismissed the appellants will pay any deficiency which may occur upon the sale, with interest and costs, and all expenses chargeable against the proceeds of the sale, and all costs and damages which may be awarded against them on appeal; such undertaking to be approved by the court and duly filed, and a copy thereof, with notice of filing, served on the respondent's attorney, on or before April thirteenth.

Order signed.